**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff,**

**v.**

**BRADLEY MAXWELL, Defendant**

Criminal Nos. F382/97 and F275/98

Territorial Court of the Virgin Islands

Div. Of St. Thomas and St. John

January 8, 1999

GARY ALIZZEO, ESQ., DOUGLAS SPROTTE, ESQ., Assistant Attorney Generals, St. Thomas, U.S.V.I., *for Plaintiff*

FREDERICK G. WATTS, ESQ., St. Thomas, U.S.V.I., *for Defendant*

BRENDA SCALES, ESQ., St. Thomas, U.S.V.I., *for Defendant*

Hodge, *Judge*

### MEMORANDUM OPINION

This matter is before the Court on the defendant's Motion for Reduction of Sentence pursuant to Rule 136 of the Territorial Court Rules. The Government has opposed the motion. The issue in this matter is whether the Government's allocution at sentencing violated the plea agreement of the parties and caused the imposition of a more severe sentence than stipulated to in the plea

agreement. For the reasons stated herein, the Court holds that the plea agreement was not violated by the Government, and that therefore the motion for a reduction of sentence will be denied.

**FACTS**

In Criminal No. F382/97, the defendant was charged with Murder in the First Degree in violation of V.I. Code Ann. tit. 14, § 922(a) (1996) [Count I]; and Possession of an Unlicensed Firearm in violation of V.I. Code Ann. tit. 14, § 2253 (1996) [Count II]. In addition, in Criminal No. F275/98, the defendant was charged with Escape from Jail in violation of V.I. Code Ann. tit. 14, § 661(1) (1996). He pleaded "Not Guilty" to all charges.

On September 1, 1998, pursuant to a plea agreement between the parties, the defendant agreed to withdraw his plea of "Not Guilty" previously entered to Count I of F382/97, Murder in the First Degree, and to substitute *in lieu* thereof a plea of "Guilty" to the lesser included offense, Murder in the Second Degree in violation of V.I. Code Ann. tit. 14, § 922(b) (1996). The defendant also agreed to withdraw his plea of "Not Guilty" to Escape from Jail in violation of V.I. Code Ann. tit. 14, § 661(1) (1996) in Criminal No. F275/98, and plead "Guilty" to that charge. In exchange, the Government agreed to dismiss Count II in Criminal No. F382/97, Possession of a Firearm, and agreed to recommend that the defendant be sentenced to twenty (20) years in jail for Murder in the Second Degree, and five (5) years in jail for Escape from Jail in Criminal No. F275/98, with the sentences to run concurrently. The Court examined the defendant pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure, inquiring as to the voluntariness of the plea, and informing the defendant that the Court was not bound by the terms of the plea agreement since it could impose a more lenient or more severe sentence than that stipulated by the parties. The defendant indicated that he understood the role of the Court at sentencing and established that his plea was intentional and voluntary. The Court then being satisfied that the plea agreement was knowingly and voluntarily entered into, accepted the defendant's 'Guilty' plea to Murder in the Second Degree in violation of V.I. Code Ann. tit. 14, § 922(b) (1996) and Escape from Jail in violation of V.I. Code Ann. tit. 14, § 661(1)

(1996). The Court also granted the Government's motion to dismiss the charge of Possession of an Unlicensed Firearm in violation of V.I. CODE ANN. tit. 14, § 2253 (1996), ordered a presentence investigation report, and set sentencing for October 28, 1998, a date stipulated to by both parties.

Defendant appeared at sentencing on October 28, 1998. A presentence investigation report was filed with the Court and reviewed by both parties. After hearing the allocution of the parties, and giving the defendant the opportunity to make a statement on his own behalf, which he declined to do, the Court sentenced the defendant to serve thirty (30) years in jail for Murder in the Second Degree in violation of V.I. CODE ANN. 14, § 922(b) (1996) and five (5) years in jail for Escape from Jail in violation of V.I. CODE ANN. tit. 14, § 661(1) (1996), with the sentences to run consecutively. Defendant then timely filed this motion for reduction of sentence.

## ARGUMENTS OF THE PARTIES

Defendant argues that his sentence should be reduced to the jail terms stipulated in the plea agreement due to the Government's misconduct during the allocution at sentencing, which he argues constitutes fundamental error. In support thereof, the defendant states that although the Government did recommend that the defendant be sentenced pursuant to the terms of the plea agreement, it gave an extended portrayal of the defendant as a hardened criminal during allocution, including the statement that the defendant had no respect for authority or innocent life and that although it had agreed to the recommendation made, the ultimate decision as to the sentence imposed would be made by the judge. Defendant admits that he did not object to that allocution, but contends that the Government's conduct constituted fundamental error since by its extended allocution it sought to influence the judge to render a harsher sentence than agreed to in the plea agreement in violation of the defendant's due process rights. Moreover, the defendant maintains that since the judge commented favorably on the Government's allocution and then rendered a harsher sentence than that recommended, it is clear that said allocution achieved its purpose.

In opposition to the motion, the Government states that it did not breach the terms of the plea agreement by allocuting at sentencing. The Government further states that the essence of the plea agreement was that the Government would recommend a sentence of twenty (20) years for Defendant's guilty plea to Murder in the Second Degree and five (5) years for the defendant's guilty plea to Escape from Custody, with both sentences to run concurrently. The Government states that no other terms or conditions were expressed or implied; and it did not agree to remain silent at sentencing, or to merely indicate its sentencing recommendation. It states that it had the right to offer allocution in support of its recommendation, since the Court could have ultimately rendered a lesser sentence if it so chose. The Government also pointed out that the defendant's attorney also gave substantial allocution for a lighter sentence, and the defendant was also afforded an opportunity to do likewise, which he declined to do.

**DISCUSSION AND ANALYSIS**

The crux of the issue presented by the defendant's motion is whether the Government violated the terms of the agreement by the allocution given at sentencing.

■ When the Government makes a promise pursuant to a plea agreement, such promise must be fulfilled. *Santobello v. New York,* 404 U.S. 257 (1971). Moreover, the Government must strictly adhere to the terms of the plea agreement. *U.S. v. Moscahlaidis,* 868 F.2d 1357 (3d Cir. 1989), *citing U.S. v. Miller* , 565 F.2d 1273, 1274 (3d Cir. 1977).

■ A plea agreement remains contractual in nature, and must be analyzed pursuant to the applicable tenets of contract law. *Id.* at 1361. Thus, the Court must first determine whether the terms of the plea agreement were clear or ambiguous. The plea agreement between the parties specifically stipulated that:

1. With respect to Case No. F382/97, Information dated September 24, 1997, Count I, the Defendant may plead guilty to the lesser-included charge of Murder in the Second Degree, in violation of Title 14 V.I.C. § 922(b). The Government will recommend the Defendant be

30

sentenced to twenty (20) years in jail. The Government will dismiss Count II of the Information.

2. With respect to Case No. F275/98, Information dated June 25, 1998, the Defendant may plead guilty as charged, in violation of Title 14 V.I.C. § 661(1). The Government will recommend the Defendant be sentenced to five (5) years in jail, to run concurrently with the sentence imposed in Case No. F382/97.

*See Plea Agreement* dated August 20, 1998.

Here, neither party has asserted that the terms of the agreement are ambiguous or other than what was agreed upon. Indeed, the Court finds that the agreement is plain and concise in its meaning since the defendant agreed to plead guilty to certain charges and the Government agreed to dismiss one charge, reduce another charge, and to recommend a certain sentence. The agreement neither asserts nor requires anything more.

In addition, the plea agreement reveals no stipulation that the Government would remain silent or "take no position" at sentencing. *Compare U.S. v. Moscahlaidis, supra U.S. v. Crusco*, 536 F.2d 21 (3d Cir. 1976). In this jurisdiction, as in others, the Government regularly uses its silence at sentencing as a part of the plea agreement. Thus, its omission from the plea agreement in this matter implies the right of the Government to allocute. Indeed, the plea agreement stipulates that the Government recommend a sentence of twenty (20) years and five (5) years respectively. Moreover, the defendant concedes that the Government made said recommendation during his allocution. Thus, absent an agreement to the contrary, the Government has the right to support its recommendation just as the defendant and his attorney has through allocution and the statements made in the presentence report.

Further, prior to the acceptance of the plea agreement, the Court unequivocally stated that it is not bound by any recommendation, and may impose a lesser or harsher sentence. Moreover, the defendant's assertion that the Court relied on the Government's allocution in making its decision is false. The Court based it

decision primarily on the presentence investigation report and the omission of significant factors from defense counsel's allocution.

Nevertheless, even if the Court had found that the Government violated the terms of the plea agreement, the proper remedy would not be a reduction in sentence as requested by the defendant. Rather, the sentence would have to be vacated and the defendant would be given an opportunity to withdraw his plea, or the matter would be reassigned to another judge for sentencing. *See Moscahlaidis, supra.* However, where, as here, the Court has found no violation of the plea agreement, the sentence will stand and the defendant's motion for a reduction of sentence on that basis must be denied.

## CONCLUSION

■ The Court, having considered the motion, the opposition thereto, and the record herein, finds that the Government's allocution at sentencing was not violative of the terms of the plea agreement, and constitutes no basis upon which a reduction of sentence may be granted. Accordingly, the defendant's motion for reduction of sentence will be denied.